*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
March 21, 2024

Plaintiff-Appellee,

v

No. 365863
Isabella Circuit Court
LC No. 2017-002074-FH

AYDEN JAMES BRACKEN,

Defendant-Appellant.

Before: O'BRIEN, P.J., and BORRELLO and HOOD, JJ.

PER CURIAM.

Defendant appeals by leave granted,[1] the trial court's order sentencing him to 32 to 48 months' imprisonment for his accosting-a-child-for-immoral-purposes conviction, after having revoked defendant's probation. For the reasons set forth in this opinion, we vacate defendant's sentence and remand for resentencing.

## I. BACKGROUND

In September 2018, defendant was convicted by no-contest plea of one count of accosting a child for immoral purposes, MCL 750.145a, one count of indecent exposure, MCL 750.335a, and one count of domestic violence, MCL 750.81(2). Defendant's sentencing guidelines range was 0 to 17 months. The trial court sentenced defendant to serve concurrent sentences of 365 days in jail for accosting a child for immoral purposes, six months in jail for indecent exposure, 93 days in jail for domestic violence, and five years' probation.

After his release from jail, defendant committed what the trial court labeled relatively minor probations violations. Each time, the trial court declined to order imprisonment and instead continued defendant's probation. However, in July 2022, defendant allegedly assaulted his girlfriend and was again charged with violating his probation. Defendant pleaded guilty to the

_____

[1] *People v Bracken*, unpublished order of the Court of Appeals, entered June 6, 2023 (Docket No. 365863).

probation violation. The trial court revoked defendant's probation and sentenced him to 32 to 48 months' imprisonment for his accosting-a-child-for-immoral-purposes conviction. The court found that defendant had already served the maximum sentences for his other two convictions and therefore did not order any further term of imprisonment on those counts. This appeal followed.

## II. STANDARD OF REVIEW

"A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' "[2] *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017).

Although the Supreme Court held in *Lockridge* that the sentencing guidelines were no longer mandatory and that a departure sentence did not require a substantial and compelling reason to support it, the Court also held that a sentencing court must still consult and take into account the applicable guidelines range and that the sentencing court must "justify the sentence imposed in order to facilitate appellate review." *Lockridge*, 498 Mich at 391-392; see also *Steanhouse*, 500 Mich at 470. "A trial court abuses its discretion when it applies a minimum sentence that violates the principle of proportionality, which occurs when the trial court 'fail[s] to provide adequate reasons for the extent of the departure sentence imposed . . . .' " *People v Warner*, 339 Mich App 125, 153-154; 981 NW2d 733 (2021), quoting *Steanhouse*, 500 Mich at 476 (alteration and ellipsis in original).

Regarding appellate review of a departure sentence, this Court further explained in *People v Abcumby-Blair*, 335 Mich App 210, 241; 966 NW2d 437 (2020), as follows:

When reviewing a departure sentence for reasonableness, we examine whether the trial court adequately explained "why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been." *People v Dixon-Bey*, 321 Mich App 490, 525; 909 NW2d 458 (2017) (quotation marks and citation omitted). Factors to consider when determining "whether a departure sentence is more proportionate than a sentence within the guidelines range . . . include (1) whether the guidelines accurately reflect the seriousness of the crime; (2) factors not considered by the guidelines; and (3) factors considered by the

---

[2] Although this case involves a departure sentence, we note that our Supreme Court has clarified that within-guidelines sentences are also to be reviewed for reasonableness on appellate review, applying a presumption of proportionality that the defendant has the burden of rebutting by demonstrating that the sentence is unreasonable or disproportionate. *People v Posey*, 512 Mich 317, 359; 1 NW3d 101 (2023) (opinion by BOLDEN, J.); *id*. at 361 (CAVANAGH, J., concurring in part and concurring in the judgment); *id*. at 390-391 (WELCH, J., concurring in part, dissenting in part, and concurring in the judgment).

guidelines but given inadequate weight." *Id*. (citations omitted). [Ellipsis in original.]

### III.  ANALYSIS

At defendant's sentencing, the trial court explained its sentence as follows:

The defendant's recent involvement in an assaultive offense concerns the Court gravely in light of his original charges in this case, and his repeated opportunities he's been given for redemption and rehabilitation.  Considering the defendant's poor adjustment on probation and the assaultive nature of the current violation, the Court finds that a period of incarceration in the Michigan Department of Corrections is now warranted.

Although the sentence (inaudible) is a significant departure from the original sentence and guidelines, the sentence is reasonable and proportional in light of the defendant's multiple probation violations, including his most recent commission of an assaultive crime.  The sentence to be imposed by the Court also accomplishes the traditional sentencing objectives of deterrence, rehabilitation, and protection of society.

Here, although the trial court acknowledged that its sentence was a "significant departure" from the guidelines, the court completely failed to address how the sentence was more proportionate to the offense and the offender than a different sentence within the guidelines would have been. *Abcumby-Blair*, 335 Mich App at 241.  The trial court did not engage in any discussion of how it believed the guidelines inadequately accounted for the seriousness of the circumstances surrounding the offense and the offender.  *Id*; *Steanhouse*, 500 Mich at 459-460.  The court's conclusory assertion that the sentence was "reasonable and proportional in light of the defendant's multiple probation violations, including his most recent commission of an assaultive crime" is insufficient to explain why a sentence outside of the guidelines was justified because it does not provide any meaningful basis for appellate review. *Lockridge*, 498 Mich at 391-392; *Steanhouse*, 500 Mich at 470.  Moreover, "[w]hen fashioning a proportionate minimum sentence that exceeds the guidelines recommendation, a trial court must justify why it chose *the particular degree of departure*." *People v Smith*, 482 Mich 292, 318; 754 NW2d 284 (2008) (emphasis added).  "A sentence cannot be upheld when the connection between the reasons given for departure and the *extent* of the departure is unclear." *Id*. at 304 (emphasis added).

Because the trial court failed to provided adequate reasons to justify its departure sentence, the court abused its discretion. *Warner*, 339 Mich App 153-154.  We therefore vacate defendant's sentence and remand for resentencing consistent with this opinion.

Defendant's sentence is vacated and we remand for resentencing.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Stephen L. Borrello
/s/ Noah P. Hood